■ G. P. PUTNAM'S SONS, Appellant, v IRIS OWENS, Respondent.—Order, Supreme Court, New York County, entered August 1, 1974, granting defendant's motion for summary judgment dismissing plaintiff's complaint as time-barred, unanimously affirmed, with $60 costs and disbursements to respondent. On March 9, 1965, the plaintiff publisher entered into an agreement with the defendant author to publish an untitled novel of approximately 75,000 words. The agreement provided in paragraph "4" that the manuscript was due on March 15, 1966 and that if it was not delivered within three months of said date, "the Publishers may, at their option, terminate this agreement by notice in writing posted or delivered to the Author, and may recover from the Author all monies which they may have advanced to the Author upon the Work". It is conceded that the manuscript was not delivered and that no portion of same was ever accepted by plaintiff. This action for breach of contract seeking return of an advance given to defendant by plaintiff and the recovery of damages was commenced on September 7, 1973, approximately seven and one-quarter years after the

expiration of the grace period above referred to. Plaintiff's contention that the period of limitation did not commence until it exercised its option to terminate the contract, which event occurred upon commencement of this suit, is without merit. Defendant's breach occurred when defendant failed to honor her obligations within the time period provided in the agreement. To adopt plaintiff's strained rationale would require the conclusion that the aggrieved party may institute suit more than six years after the lapse of a reasonable time, claiming that it never elected to treat the nonperformance as a breach until such time as it instituted suit more than six years after the expiration of such reasonable time. In light of the facts herein, to state this proposition is to refute it. Concur—Kupferman, J. P., Lupiano, Silverman, Lane and Nunez, JJ.