

Winthrop, Stimson, Putnam & Roberts, New York City, for plaintiff; John F. Pritchard, David J. Long, New York City, of counsel.

Coudert Brothers, New York City, for defendants; Mark D. Lebow, J. L. Siegel, L. M. Barry, J. D. Pope, New York City, of counsel.

### OPINION AND ORDER

CONNER, District Judge:

This case is presently before the Court on objections filed pursuant to 28 U.S.C. § 636(b)(1) to the Report and Recommendation of Magistrate Ruth V. Washington dated February 10, 1981.

*Background*

In an Opinion and Order of August 29, 1980, this Court granted plaintiff's motion for summary judgment against Habib and Iradj Sabet and indicated that summary judgment would also be appropriate as to defendant Hormoz Sabet if Hormoz had been properly served. The Court directed Hormoz Sabet to submit an affidavit clarifying his contention that he had not been served in light of the specific averments in the affidavit of Carl Kornbluth, plaintiff's process server, that Kornbluth had handed papers to Hormoz Sabet at 2:55 P.M. on August 3, 1980 in the offices of Gulf Associates at 30 Rockefeller Plaza. When Hormoz Sabet filed an affidavit specifically de-

**AMERICAN EXPRESS INTERNATIONAL BANKING CORPORATION, Plaintiff,**

v.

**Habib SABET, Iradj Sabet, Hormoz Sabet and Firooz Corporation, Defendants.**

**79 Civ. 4203 (WCC).**

United States District Court, S. D. New York.

April 6, 1981.

nying that he had been so served, the Court referred the matter to Magistrate Washington for a hearing on this factual dispute.

Magistrate Washington conducted the hearing on October 8 and October 31, 1980. Testimony included that of Kornbluth, Hormoz Sabet, Mark Lebow, a partner at Coudert Brothers, Hormoz Sabet's attorneys, David Long, an associate at Winthrop, Stimson, Putnam & Roberts, attorneys for plaintiff, and Vahan Emenian, vice-president of plaintiff. The Magistrate concluded that the testimony of Kornbluth, supported by his contemporaneous log notes, that he had handed the papers to a man pointed out to be Hormoz Sabet by the receptionist at Gulf Associates, a Sabet-controlled corporation, and identifying himself as Hormoz Sabet, was credible. The Magistrate rejected the testimony of Hormoz Sabet that he had not been so served because he had spent the entire afternoon at the offices of Coudert Brothers; she noted that the supporting testimony of Mark Lebow that he and Sabet had generally spent the afternoon of August 3 preparing defenses in another case did not specifically indicate that Hormoz had been in Lebow's presence at 2:55 or specifically negate the possibility that Hormoz Sabet had returned to his business headquarters at Gulf Associates for a brief period of time during that afternoon.

In support of his objection to the Magistrate's decision, Hormoz Sabet has submitted his further affidavit and the affidavit of Mark Lebow. Lebow's affidavit states:

"(a) Mr. Sabet was in fact at the offices of Coudert Brothers during the entire afternoon in question. On those few occasions when Mr. Sabet was not personally in my presence working on another litigation matter in which this office was representing him, he was working in a conference room located adjacent to my office; and

"(b) The location at which Mr. Kornbluth claims to have served Mr. Sabet, 30 Rockefeller Plaza, was not 'a block away,' but rather, was located a sufficient distance across town that it would have been impossible for Mr. Sabet to have left the Coudert Brothers offices, gone to his office, and returned to the Pan Am Building without my having been fully aware of his absence. No such absence occurred at any time during the afternoon of August 3, 1979."

Hormoz Sabet's affidavit states:

"As both Mr. Lebow and I testified ... I was in fact at the offices of Coudert Brothers during the entire afternoon in question. On the few occasions I was not physically in Mr. Lebow's presence, I was in a conference room located adjacent to his office. At no time did I leave the Pan Am Building and go to the offices of Gulf Associates, at which Mr. Kornbluth claims to have served me. Furthermore, it should be noted that that location, 30 Rockefeller Plaza, is not 'a block away,' but rather a substantial distance across town."

*Discussion*

28 U.S.C. § 636(b)(1) provides, in relevant part, that when a magistrate has made proposed findings and recommendations,

"[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

"*De novo* determination" in this context has been interpreted to require a review of the magistrate's proposed findings and an exercise of sound judicial discretion with respect to whether reliance should be placed on those findings; the reviewing court is not obligated to rehear the testimony adduced at the hearing. *United States v. Raddatz,* 447 U.S. 667, 671–677, 100 S.Ct. 2406, 2411–2413, 65 L.Ed.2d 424 (1980).

Here, Magistrate Washington's report shows that she carefully reviewed the conflicting testimony of Kornbluth and Hormoz Sabet and the testimony of Lebow in support of Sabet's testimony. She correctly noted that the testimony of Lebow at the hearing was not inconsistent with the version of events given by Kornbluth. She found that Kornbluth's testimony that he had handed papers to an individual identifying himself as Hormoz Sabet was credible

after having an opportunity to observe Kornbluth's demeanor under direct and cross-examination. The fact that Kornbluth did not make an absolute identification of Hormoz Sabet at the hearing, but testified only that Hormoz Sabet "closely resembled" the individual who identified himself as Hormoz Sabet on August 3 before the papers were handed to him, does not indicate that the Magistrate's credibility determination was incorrect, especially since Kornbluth, a professional process server, had surely served many persons (though not, perhaps, the 600 per month he estimated in his hearing testimony). Magistrate Washington rejected Hormoz Sabet's conflicting testimony as to his whereabouts at 2:55 on August 3 after a similar opportunity to observe Sabet's demeanor as a witness. In addition to observing that Lebow's testimony left open the possibility that Sabet had returned to Gulf Associates around 2:55, she noted that neither side had called the receptionist at Gulf Associates, a witness presumably under Hormoz Sabet's control, to corroborate its version of the events at the Gulf Associates office. Her proposed finding that Kornbluth's testimony, as bolstered by his contemporaneous records, was more worthy of belief than the testimony of Sabet, an obviously interested party, whose version of events was only partially supported by the testimony of his attorney, Mark Lebow, appears wholly reliable.

The further submissions to this Court by Hormoz Sabet and Lebow do not significantly alter the reliability of the Magistrate's proposed findings. As to Lebow's affidavit, the Court notes that he did not attempt to present this testimony at the hearing, where he would have been subject to cross-examination and where his demeanor could have been observed and his credibility assessed; that although he gives his opinion in the affidavit that Hormoz Sabet could not have left Coudert Brothers without his noticing Sabet's absence, Lebow does not indicate at what time during the "afternoon in question" Sabet arrived at Coudert Brothers or specify that Lebow saw or spoke to Sabet at or around 2:55; and that Coudert Brothers' offices in the Pan Am Building, while not one block away from Rockefeller Plaza, as the Magistrate states, are only eight blocks away from the offices of Gulf Associates, no more than a 15-minute walk and an even faster taxi ride. Sabet's affidavit adds no new facts and, again, must be read in light of his interest in avoiding immediate entry of summary judgment against him in the substantial amount involved here.

Accordingly, I accept the Magistrate's proposed finding that Hormoz Sabet was personally served on August 3, 1980. In accordance with my previous Opinion and Order, there being no just reason for delay, I direct that final judgment be entered against Hormoz Sabet pursuant to Rule 54(b), F.R.Civ.P., in the amounts described in that Opinion and Order. Plaintiff shall submit a proposed judgment on five days' notice within five days of the date of this Opinion and Order.

SO ORDERED.