■ JODY BOLL, Appellant, v TOWN OF KINDERHOOK, Respondent. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered December 1, 1982 in Columbia County, which granted defendant's motion for summary judgment dismissing the complaint. By quitclaim deed dated July 9, 1980, plaintiff acquired title to a one-acre parcel of land located in defendant Town of Kinderhook, subject "to any easements and agreements, recorded or

unrecorded". Plaintiff then applied to the town zoning board for site plan approval and a building permit so that he could construct a Convenient Food Mart on the lot. At its January, 1981 meeting, the board withheld final approval of the application, pending the results of an inquiry to be made to the town board as to whether a public road or right of way existed on the property. At the February meeting, the town supervisor informed the board that a stretch of Railroad Avenue passed through plaintiff's property and that this was a town road for which the town received State aid. He also stated that other public rights of way might cross the property. In March, 1981, the zoning board formally disapproved plaintiff's application due to the lack of information in plaintiff's plans regarding the location of the town road and other possible public rights of way. In April, 1981, plaintiff commenced the instant suit against the town alleging causes of action sounding in private nuisance, intentional tort, conversion and interference with the right to contract, and asking for punitive damages and injunctive and declaratory relief. Special Term granted defendant's motion for summary judgment dismissing the complaint. However, it granted plaintiff leave to serve an amended complaint via RPAPL 1515 to settle the disputed title to the property. We affirm.

Initially, it should be noted that it has consistently been held that the denial of a building permit is a discretionary exercise of a governmental function for which no liability falls upon either the municipality or the officials rendering such determinations (*154 East Park Ave. Corp. v City of Long Beach*, 52 NY2d 991, 992, cert den 454 US 858; *Ilson v Incorporated Vil. of Ocean Beach*, 79 AD2d 697, 699; *Rottkamp v Young*, 21 AD2d 373, 377, affd 15 NY2d 831). Accordingly, it is evident that defendant town may not be held liable solely on the basis of the denial of plaintiff's application by the zoning board. However, as noted above, plaintiff did not specifically sue defendant town for this denial. Instead, he sued for damages which he allegedly suffered due to the town's having informed the zoning board that a town road was located on part of the lot in question with the result that the zoning board denied plaintiff's application for site plan approval and a building permit. Even couched in these terms, each of the causes of action set forth in plaintiff's complaint was properly dismissed. Plaintiff's first cause of action sounds in private nuisance, i.e., preventing him from and interfering with the lawful use and enjoyment of his property. Such a claim must be based, *inter alia*, upon the allegation of an intentional and unreasonable, negligent or reckless *invasion* upon the plaintiff's interest in the use and enjoyment of his property (see *Copart Inds. v Consolidated Edison Co.*, 41 NY2d 564, 569). However, plaintiff has neither pleaded nor shown any invasion whatsoever, physical or otherwise, upon his lawful use or enjoyment of the property, except for the denial of the building permit. As previously discussed, that denial cannot alone give rise to recovery of damages. Plaintiff's second cause of action, sounding in prima facie tort, must also fail. He has made no showing that defendant was guilty of inflicting intentional harm when it communicated to the board that a town road ran across the land. Such intent, resulting in damage and without justification, is an essential element of a prima facie tort cause of action (*ATI, Inc., v Ruder & Finn*, 42 NY2d 454, 458). Indeed, there is no indication that the town supervisor was acting other than in the good-faith performance of the duties of his position when he so informed the board. Plaintiff's third cause of action, sounding in conversion, must also fail. An action for conversion lies only with respect to personal, not real, property (23 NY Jur 2d, Conversion, § 4, p 212). The fourth cause of action, for interference with the right to contract, is similarly invalid. Plaintiff has failed to meet the requirement of showing that defendant had any knowledge of his contract to build a Convenient Food Mart on the land or that the town intentionally interfered with it (see *Burns*

*Jackson Miller Summit & Spitzer v Lindner,* 88 AD2d 50, 72, affd 59 NY2d 314). The record shows that plaintiff made no mention before the board of his proposed contract to build a Convenient Food Mart on the lot. Plaintiff's claim for punitive damages, improperly entitled the "fifth cause of action" in the complaint, is also frivolous. Not only has he failed to present any theory upon which defendant may be held liable here, but a political subdivision is not subject to punitive damages (*Sharapata v Town of Islip,* 56 NY2d 332). Plaintiff's sixth cause of action, for a declaratory judgment and an injunction, is equally devoid of facts to support his claim for relief. Accordingly, Special Term was correct in its dismissal of the complaint subject to plaintiff's filing an amended complaint pursuant to RPAPL 1515 to settle the disputed title. Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.