Marie MCGEHEE, Plaintiff,

v.

Madeleine ALBRIGHT, Secretary of State of the United States of America; William Richardson, United States Representative to the United Nations; Newt Gingrich, Speaker of the United States House of Representatives; William Clinton, President of the United States; and Kofi Annan, Secretary–General of the United Nations, Defendants.

No. 98Civ.6582 (RMB)(THK).

United States District Court, S.D. New York.

June 24, 1999.

Judgement affirmed, 208 F.3d 203.

Plaintiff, pro se.

Kathy S. Marks, Asst. U.S. Atty., Mary Jo White, U.S. Atty. for the S.D. of New York, New York, NY, for Defendants.

### ORDER

BERMAN, District Judge.

## I. BACKGROUND

On September 17, 1998, Marie McGehee, a pro se litigant, brought this action

against defendants Madeline Albright, Secretary of State of the United States of America, William Richardson, United States Representative to the United Nations, Newt Gingrich, (former) Speaker of the United States House of Representatives, and William Clinton, President of the United States ("U.S. Defendants"), and Kofi Annan, Secretary General of the United Nations. The complaint alleges, among other things, that the defendants violated Federal law and plaintiff's constitutional rights. Plaintiff complains that the United Nations terminated her from employment; and that the United States continued to contribute to the United Nations after the President (allegedly) wrongfully certified to Congress that the United Nations had implemented the Office of Inspector General.

On September 24, 1998, U.S. District Court Judge Jed S. Rakoff referred this case to United States Magistrate Judge Theodore H. Katz for general pretrial supervision and the resolution of dispositive motions requiring a Report and Recommendation.[1]

On November 20, 1998, the U.S. Defendants moved to dismiss the complaint, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

On May 5, 1999, Judge Katz issued a Report and Recommendation ("Report"), recommending that the case be dismissed with prejudice as against all defendants.

## II. ANALYSIS

Following service of a Magistrate Judge's report and recommendation, parties are given ten days to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72. If no written objections are filed, a District Judge need only satisfy himself that there is no clear error on the face of the record. *See* 28 U.S.C. § 636(b)(1); FRCP 72(b); *Heisler v. Kralik,* 981 F.Supp. 830, 840 (S.D.N.Y.1997). When timely objections are made to a Magistrate's report, the District Judge must make a de novo determination, but is not required to conduct a de novo hearing. *See Cespedes v. Coughlin,* 956 F.Supp. 454, 463 (S.D.N.Y.1997); *East River Sav. Bank v. Secretary of Housing and Urban Development,* 702 F.Supp. 448, 453 (S.D.N.Y. 1988).

Once objections are received, a District Judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate. *See DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994); *Walker v. Hood,* 679 F.Supp. 372, 374 (S.D.N.Y.1988); *East River Sav. Bank,* 702 F.Supp. at 453. On May 17, 1999, this Court granted plaintiff's request for an extension of time from May 24, 1999 to June 10, 1999 to file objections to the Report. On or about June 10, 1999, plaintiff filed timely objections.

The Court has reviewed the underlying record de novo as well as the Report and plaintiff's objections thereto, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, and is in agreement with the Magistrate Judge's Report in every material respect. The Court further finds it unnecessary to write a separate opinion.

## III. CONCLUSION AND ORDER

Accordingly, the Court incorporates Magistrate Judge Katz's Report by reference and, for the reasons stated herein, dismisses the complaint with prejudice. *See, e.g. Abrams v. Sprizzo,* No. 98 Civ. 5838(JSR), 1998 WL 778001 (S.D.N.Y. Oct.29, 1998). The Clerk is respectfully directed to enter judgment.

---

1. This case was reassigned to this Court on or about November 23, 1998.

## REPORT AND RECOMMENDATION

KATZ, United States Magistrate Judge.

This action was referred to me, pursuant to 28 U.S.C. § 636(b) (1)(B) and (C), for general pretrial supervision and the resolution of dispositive motions requiring a Report and Recommendation. Plaintiff, Marie McGehee, has brought this suit against defendants Madeleine Albright, William Richardson, Newt Gingrich, and William Clinton ("the U.S. defendants"), and Kofi Annan, Secretary–General of the United Nations, alleging that the defendants violated a federal statute, and her constitutional right to due process, when they permitted the United Nations to terminate her from employment, and failed to withhold certain United States financial contributions to the United Nations. The U.S. defendants have moved to dismiss the Complaint, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. For the following reasons, I respectfully recommend that the defendants' motion be granted and that the action be dismissed with prejudice.

## BACKGROUND

Plaintiff was employed by the United Nations from August 15, 1986, until October 5, 1994. (Amended Complaint ("Am. Comp."), ¶¶ 19–20.) Plaintiff alleges that she was wrongfully terminated by the United Nations when it unilaterally extended her appointment with the United Nations Protection Force (UNPROFOR), and failed to allow her to return to her prior assignment in the United Nations Office for the Coordination of Humanitarian Assistance (UNOCHA) to Afghanistan, in the Department of Human Affairs in Geneva, Switzerland. (Am.Comp., ¶¶ 19–20, 23.) On November 9, 1994, plaintiff wrote to the Under–Secretary–General of the Office of Internal Oversight Services ("OIOS"), requesting an investigation of her termination from UNOCHA, Geneva. (Am.Comp., ¶ 28.) OIOS agreed to investigate plaintiff's claim, and subsequently issued a report recommending that plaintiff be restored to her original position at UNOCHA. (Am.Comp., ¶¶ 31–33.) However, on September 6, 1995, plaintiff was informed that the Under–Secretary–General for Humanitarian Affairs had notified OIOS that he would not accept OIOS's recommendations. (Am.Comp., ¶ 34.) On July 1, 1996, plaintiff submitted a complaint concerning the non-implementation of OIOS's recommendations to the United Nations Administrative Tribunal. (Am. Comp., ¶¶ 37–38.) On November 26, 1998, the Tribunal rendered a decision unfavorable to plaintiff, and remanded the case to the Joint Appeals Board ("JAB"). (Am. Comp., ¶ 43.) [1]

The only allegations in the Amended Complaint involving the defendants in this action are found in paragraphs 48 through 58. With respect to defendant Albright, plaintiff alleges that "in several communications during 1995 and 1996[she] notified defendant Madeleine Albright of her pending case, requesting intervention and help, and reporting on the continuing human rights violations, denials of due process, and other malfunctions of the United Nations administrative and internal justice system." (Am.Comp., ¶ 49.) Plaintiff also

---

1. Plaintiff alleges, *inter alia*, that the Tribunal abused its discretion, violated its own rules, and denied her due process in rendering its decision. (Am.Comp., ¶¶ 41–42.) In addition, plaintiff asserts that the JAB, to which the Tribunal remanded her case, is a non-judicial entity whose decisions are not binding. (Am.Comp., ¶ 43.) Therefore, plaintiff contends, the Tribunal's decision to remand plaintiff's claims to the JAB "effectively pronounced plaintiff's case to remain in the remediless limbo of the United Nations internal justice system forever." (Am. Comp., ¶ 44.)

contends that she made similar requests of defendant William Richardson, in a letter dated May 18, 1998. (Am.Comp., ¶ 50.) Plaintiff alleges that both Albright and Richardson "ignored plaintiff's pleas for help," and "failed to fulfill [their] dut[ies] as the United States' Representative, to investigate and later report to the President who certifies to the Congress about the United Nations compliance with Pub. Law 103–236, sec. 401 [2] and other relevant provisions." (Am.Comp., ¶ 49, 50.) Plaintiff further alleges that defendants Albright and Richardson "continue to cause certifications to be made and presented to the Congress so it can appropriate funds to the United Nations, even though that organization continues to violate human rights and due process of law." (Am. Comp., ¶ 54.)

With respect to defendant Gingrich, plaintiff alleges that, as Speaker of the House of Representatives, Gingrich "directs, presides over and controls the agenda and activities of the House" and "through his actions and inactions is causing substantial financial contributions from the people of the United States to be transmitted to support the United Nations [sic] offensive activities in violation of United States laws, human rights and due process." (Am.Comp., ¶ 56.) With respect to defendant Clinton, plaintiff alleges that Clinton "either willingly or unwillingly has derelicted [sic] his duty and has been certifying United Nations Compliance with Pub.L. 103–236, sec. 401 in the face of clear and convincing evidence to the contrary." (Am.Comp., ¶ 57.) Finally, plaintiff alleges that "[d]efendant Kofi Annan is

included in this complaint because of his direct and key involvement as Chief Administrative Officer of the United Nations who oversees the resources, programs, operations and staff as it reflects on the recertification process to the Congress, pursuant to Pub.L. 103–236, sec. 401, which makes him a material witness and co-conspirator in this case." (Am.Comp., ¶ 58.) None of the defendants is alleged to have been personally involved in the United Nations' employment decisions regarding plaintiff.

Plaintiff seeks declaratory and injunctive relief from the Court. She requests that the Court "enjoin the defendants from continued violations of plaintiff's rights, constitutional due process, and the rights of the American people by the false certifications of the United Nations compliance with Pub.L. 103–236, sec. 401, and order and delineate the consequences of noncompliance with" that law. (Am.Comp., ¶ 59(D).) In addition, plaintiff requests that the Court declare and order proper judicial safeguards and due process protections, consistent with the mandates of section 401, and ensure that the plaintiff and other aggrieved individuals are granted retroactive judicial review to redress their claims by an independent judicial entity, with funds made available for their compensation. (Am.Comp., ¶ 59(E).)

The U.S. defendants have moved to dismiss plaintiff's Amended Complaint, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, on the following grounds: (1) the Amended Complaint should be dismissed for lack of subject matter jurisdiction; (2) plaintiff

---

**2.** Section 401 of Pub.L. No. 103–236, to which plaintiff refers in her Amended Complaint, provides that certain United States assessed contributions to the United Nations will be withheld from obligation and expenditure until a certification is made by the President to the Congress that the United Nations

has established an independent office of Inspector General "to conduct and supervise audits, inspections, and investigations relating to the programs and operations of the United Nations. . . ." See Pub.L. No. 103–236, § 401(b)(1), 108 Stat. 382, 445 (1994); see also pages 215–16, infra.

lacks standing to challenge the U.S. defendants' conduct; (3) the Amended Complaint fails to state a claim against the U.S. defendants in their individual capacities; (4) the Amended Complaint is barred in part by principles of immunity. *See* U.S. Defendants' Memorandum of Law in Support of their Motion to Dismiss the Complaint ("U.S. Defts' Mem."), *passim.*[3] Because, as discussed below, I conclude that plaintiff lacks standing to bring her claims against the U.S. defendants, and that defendant Kofi Annan, the Secretary–General of the United Nations, is immune from suit, I respectfully recommend that the action be dismissed with prejudice as against all defendants pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## DISCUSSION

### I. *Standards under Rule 12(b)(1)*

In determining a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court "must accept as true all material factual allegations in the Complaint, and refrain from drawing inferences in favor of the party contesting jurisdiction." *Serrano v. 900 5th Avenue Corp.*, 4 F.Supp.2d 315, 316 (S.D.N.Y.1998) (citing *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992)); *see also Daly v. Morgenthau*, No. 98 Civ. 3299(LMM), 1998 WL 851611, at *1 (S.D.N.Y. Dec. 9, 1998). A court is not confined to the allegations in the Complaint, however; on a 12(b)(1) motion challenging the district court's subject matter jurisdiction, the court may consider evidence outside of the pleadings. *See Antares Aircraft, L.P. v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991),

*vacated on other grounds*, 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Serrano*, 4 F.Supp.2d at 316. In addition, a *pro se* complaint, like that in the instant case, must be liberally construed, and, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by attorneys. *See Daly*, 1998 WL 851611, at *1 (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520–521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)). Even affording plaintiff's Amended Complaint the most liberal of constructions, for the reasons set forth below, I conclude that plaintiff's claims must be dismissed for lack of subject matter jurisdiction.

### II. Plaintiff Lacks Standing to Pursue her Claims against the U.S. Defendants

Article III of the Constitution requires that a "case" or "controversy" be present in order to confer jurisdiction on federal courts for a particular claim, and standing to sue is an essential component of that requirement. *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir.1997) (citing *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975)). The party seeking to invoke the jurisdiction of the court bears the burden of establishing that she has met the requirements of standing. *See Jaghory*, 131 F.3d at 329–330 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992)). The Supreme Court has characterized the standing requirement imposed by Article

---

**3.** In addition, although the Department of Justice, who represents the U.S. defendants, does not represent Secretary–General Kofi Annan, it nevertheless urges the Court to dismiss the action as against defendant Annan *sua sponte*, on the ground that the United Nations and its officers are immune from suit. *See* U.S. Defts' Mem. at 17–19.

III as an "irreducible constitutional minimum," which requires:

(1) that the plaintiff have suffered an "injury in fact"—an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of—the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Bennett v. Spear,* 520 U.S. 154, 167, 117 S.Ct. 1154, 1163, 137 L.Ed.2d 281 (1997) (citing *Lujan,* 504 U.S. at 560–561, 112 S.Ct. at 2136–2137).

In addition to the immutable requirements of Article III, "the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 474–475, 102 S.Ct. 752, 760, 70 L.Ed.2d 700 (1982) (Powell, J., concurring). "Like their constitutional counterparts, these judicially self-imposed limits on the exercise of federal jurisdiction are founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Bennett,* 520 U.S. at 162, 117 S.Ct. at 1161 (citations and internal quotation marks omitted). Among these prudential principles is the requirement that a plaintiff's grievance fall within the "zone of interests" protected or regulated by the statutory

provision or constitutional guarantee invoked in the suit. *Id.*

In the instant case, the injuries of which plaintiff complains are her alleged wrongful termination from employment with the United Nations, and her subsequent inability to obtain meaningful review of the organization's decision not to restore her to her position. However, she cannot demonstrate, and does not even contend, that there is a causal connection between her injuries and any actions taken by the U.S. defendants; indeed, plaintiff does not allege that the defendants played any role in, or had any involvement in her termination, or in any judicial or administrative proceeding within the United Nations. Rather, plaintiff claims that each U.S. defendant failed in some vague way to fulfill his or her responsibilities with respect to Section 401 of the Foreign Relations Authorization Act, Fiscal Years 1994 and 1995, which imposes certain restrictions on financial contributions from the United States to the United Nations, in an effort to bring about budgetary reform within that organization. *See* Pub.L. No. 103–236, § 401, 108 Stat. 382, 445 (1994).[4]

Section 401(a) provides that certain United States contributions to the United Nations will be withheld until a certification is made under section 401(b). Section 401(b) provides:

(b) CERTIFICATION.—The certification referred to in subsection (a) is a certification by the President to the Congress that -

(1) the United Nations has established an independent office of Inspector General to conduct and supervise objective audits, inspections, and in-

---

4. Although plaintiff refers to the violation of her constitutional rights, the Amended Complaint does not allege the unconstitutionality of any statute, nor does it allege any violation of the Constitution by the U.S. defendants. Rather, plaintiff contends that she was denied due process by the United Nations, which is not subject to the due process requirements of the United States Constitution.

vestigations relating to the programs and operations of the United Nations;

(2) the Secretary General of the United Nations has appointed an Inspector General, with the approval of the General Assembly, and that appointment was made principally on the basis of the appointee's integrity and demonstrated ability in accounting, auditing, financial analysis, law, management analysis, public administration, or investigations;

(3) the Inspector General is authorized to -

(A) make investigations and reports relating to the administration of the programs and operations of the United Nations;

(B) have access to all records, documents, and other available materials relating to those programs and operations; and

(C) have direct and prompt access to any official of the United Nations;

(4) the United Nations has procedures in place designed to protect the identity of, and to prevent reprisals against, any staff member making a complaint or disclosing information to, or cooperating in any investigation or inspection by, the Inspector General;

(5) the United Nations has procedures in place designed to ensure compliance with the recommendations of the Inspector General; and

(6) the United Nations has procedures in place to ensure that all annual and other relevant reports submitted by the Inspector General are made available to the General Assembly without modification.

Pub.L. No. 103–236, § 401, 108 Stat. 382, 445 (1994). Plaintiff has failed to point to any conduct by the U.S. defendants that would constitute a violation of Section 401. Defendants Albright's and Richardson's purported failure to respond to plaintiff's allegations concerning her termination by the United Nations is not conduct addressed in the statute. Further, plaintiff has not pointed to any conduct by defendants Clinton or Gingrich that could be considered violative of Section 401. In any event, even if such conduct had been alleged, there would be no reasonable way to view such conduct as remotely connected, much less "fairly traceable," to plaintiff's termination at the United Nations, or to her purported failure to obtain meaningful review from the organization's internal judicial system following her termination. Rather, plaintiff's injuries were the result of the independent actions of the United Nations—a third party not before this Court. Furthermore, plaintiff cannot demonstrate that her injuries would be redressed by the relief she seeks. Even if the U.S. defendants had in some way violated Section 401, and, even if this Court had the power to order the withdrawal of past certifications under Section 401, or the withholding of financial disbursements to the United Nations in the future,[5] plaintiff has made no showing that such actions would result in either a procedurally reformed review of her termination by the internal judicial system of the United Nations, or in her regaining her position with the United Nations. Plaintiff has thus failed to satisfy the second and third prongs of the three-part constitutional standing inquiry established by the Supreme Court.

---

**5.** Plaintiff has cited no authority to support the Court's exercise of such power, and it is difficult to conceive of how the exercise of such authority by the Court would not violate the separation of powers doctrine.

Moreover, plaintiff cannot demonstrate that her grievances fall within the "zone of interests" to be protected or regulated by Section 401. There is nothing in either the plain language of Section 401 or in the relevant legislative history to suggest that the provision was intended to benefit individual employees of the United Nations, such as the plaintiff, or that it was intended to reform the United Nations' internal judicial system, which plaintiff contends is ineffective. Rather, the legislative history suggests that the purpose of Section 401 was to bring about budgetary reform within the United Nations: to "rein in runaway budgets, institute sound fiscal policies and punish fraud, waste and abuse," and, generally, to "encourage accountability by the United Nations." S.Rep. No. 103–107, at 70 (1994), *reprinted in* 1994 U.S.C.C.A.N. 302, 377. *See also id.* (noting that "[a]s the largest contributor to the · United Nations, the United States is in an unparalleled position to demand fiscal· and management reform at the United Nations."); H.R. Conf. Rep. No. 103–482, at 213 (1994), *reprinted in* 1994 U.S.C.C.A.N. 398, 455 (describing the reports that the Inspector General should submit to the General Assembly as those that will "serve the objective of reducing fraud, waste, theft, malfeasance, and mismanagement at the United Nations."). Because nothing in Section 401, or in the relevant legislative history, suggests that the provision was designed either to protect the individual rights of United Nations employees, or to regulate the judicial system within the organization, and because plaintiff does not contend that her injuries stem from fiscal irregularities or budgetary mismanagement within the United Nations,[6] plaintiff cannot demonstrate that her grievances fall within the "zone of interests" that Section 401 was enacted to protect.

In light of the above, it is clear that plaintiff has satisfied neither the constitutional nor prudential standing requirements established by the Supreme Court. Accordingly, I respectfully recommend that plaintiff's claims against the U.S. defendants be dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Thompson v. Franklin,* 15 F.3d 245, 249 (2d Cir.1994) (dismissal for lack of standing should be reviewed under standards governing Fed.R.Civ.P. 12(b)(1)); *Daly,* 1998 WL 851611, at *2–3 (because plaintiff did not have standing to bring claim, and because, in any event, the dispute had become moot, the court lacked subject matter jurisdiction, and thus granted defendants' motion to dismiss pursuant to Rule 12(b)(1)).

## III. Defendant Kofi Annan is · Immune from Suit

Although the Department of Justice, who represents the U.S. defendants, does not represent defendant Kofi Annan, the Secretary–General of the United Nations, the Government nevertheless urges

---

6. Although plaintiff does not allege that her termination was the result of any budgetary mismanagement at the United Nations, the Court notes that, even if she had so alleged, Section 401 makes no explicit mention of enforcement through a private right of action; nor could there be any argument that an implied private right of action exists under Section 401. As discussed above, there is no evidence that Section 401 was intended to benefit individual employees of the United Nations, and private enforcement of this Congressional enactment would not be consistent with Congress' policy concerns regarding United States funding of the United Nations. *See Touche Ross & Co. v. Redington,* 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979); *Transamerica Mortgage Advisors Inc. v. Lewis,* 444 U.S. 11, 15–16, 100 S.Ct. 242, 245–246, 62 L.Ed.2d 146 (1979); *Cort v. Ash,* · 422 U.S.· 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975).

the Court to dismiss plaintiff's claims against defendant Annan *sua sponte,* on the ground that he is immune from suit. *See* U.S. Defts' Mem. at 17–19.

In her Amended Complaint, plaintiff asserts that defendant Annan is "included in this complaint because of his direct and key involvement as Chief Administrative Officer of the United Nations who oversees the resources, programs, operations and staff as it reflects on the recertification process to the Congress, pursuant to Pub.L. 103–236, sec. 401 ...." (Am. Comp., ¶ 58.) However, under the Convention on the Privileges and Immunities of the United Nations ("U.N. Convention"), Feb. 13, 1946, 21 U.S.T. 1418, T.I.A.S. 6900, acceded to by the United States in 1970, United Nations officials sued for acts performed in their official capacities are immune from suit. *See* U.N. Convention, art. 5, § 18(a), 21 U.S.T. at 1432 ("[o]fficials of the United Nations shall ... be immune from legal process in respect of words spoken or written and all acts performed by them in their official capacity ...."); *see also Askir v. Boutros–Ghali,* 933 F.Supp. 368, 371 (S.D.N.Y. 1996). Similarly, under § 7(b) of the International Organizations Immunities Act ("IOIA"), 22 U.S.C. § 288 *et seq.,* United Nations officers and employees are immune from suit and legal process "relating to acts performed by them in their official capacity and falling within their functions as ... officers or employees, except insofar as such immunity may be waived" by the United Nations. 22 U.S.C. § 288d(b).[7] Accordingly, federal courts repeatedly have recognized the immunity of United Nations officials. *See, e.g., Askir,* 933 F.Supp. at 371 (dismissing *sua sponte* plaintiff's complaint against United Nations official for lack of subject matter

jurisdiction, pursuant to Rule 12(b)(1), because he was immune from suit under U.N. Convention); *De Luca v. United Nations Organization,* 841 F.Supp. 531, 534 (S.D.N.Y.1994) (dismissing breach of employment claim against United Nations and eight of its officials on immunity grounds), *aff'd,* 41 F.3d 1502 (2d Cir.1994), *cert. denied,* 514 U.S. 1051, 115 S.Ct. 1429, 131 L.Ed.2d 310 (1995).

In light of the well-settled law on the immunity of United Nations officials, and the United Nations' declaration that it does not intend to waive immunity as to defendant Annan in this case, I respectfully recommend that the Court dismiss *sua sponte* plaintiff's claims against defendant Annan for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). *See Askir,* 933 F.Supp. at 370; *Klyumel v. United Nations,* No. 92 Civ. 4231(PKL), 1993 WL 42708, at *1, n.1 (S.D.N.Y. February 17, 1993) (dismissing pursuant to Rule 12(b)(1) a claim against the United Nations on immunity grounds, and noting that "*sua sponte* dismissal under Rule 12(b)(1) clearly is appropriate") (citing Federal Rule of Civil Procedure 12(h)(3)) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"); *Hughes v. Patrolmen's Benevolent Assoc. of the City of New York, Inc.,* 850 F.2d 876, 881 (2d Cir.) ("[f]ederal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* by a federal court when there is an indication that jurisdiction is lacking"), *cert. denied,* 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that this action be dismissed

---

7. In a letter to the Court from Hans Corell, Under–Secretary–General for Legal Affairs for the United Nations, dated October 9, 1998, Mr. Corell informed the Court that the United Nations is not waiving its immunity in this action as to defendant Annan.

with prejudice as to all of the defendants. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten days from service of this Report to file written objections. *See also* Rules 6(a) and 6(e) of the Federal Rules of Civil Procedure. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard M. Berman, United States District Judge, and to the Chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Berman. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health and Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989).